■ IRMA B. REMSEN et al., as Executors of ANNIE E. REMSEN, Deceased, Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 44569.) — GREENBLOTT, J. Appeal from a judgment in favor of claimants, entered May 1, 1967, upon a decision of the Court of Claims for the appropriation of decedent's lands in Nassau County. Claimants were awarded $34,812 and interest for the taking of 15,758 square feet of land for highway purposes. Before the appropriation, decedent's property consisted of a frame house along the road frontage and a frame garage. The property, containing 83,575

square feet, had a frontage of approximately 175 feet on the east side of Jericho-Oyster Bay Road, East Norwich, New York. The south line had a maximum depth of 535 feet, while the north line ran 552 feet. The area appropriated, zoned Business F, consisted of a frontage of 175 feet, a depth of 99 feet on the south line and 82 feet on the north line, with a rear line of 178 feet. The court's award for direct damage to the land in the amount of $23,637 is disputed by the appellant. The court, valuing the frontage to a depth of 165 feet at $1.50 per square foot and the remaining rear land at 75 cents per square foot, applied the frontage value of $1.50 per square foot to the land appropriated by the State. Appellant contends that the award should have been based on the found rearage value of 75 cents per square foot, since the appropriation did not deprive respondents of the frontage value. The issues are twofold: first, whether the court's assignment of a lower value to the rearage (the property in excess of 165 feet in depth) than to the frontage (the first 165 feet in depth) was warranted; and second, whether the award should have been based on frontage or rearage value. On the facts of this case, the award was improperly based on the frontage value since the respondents have suffered no loss of frontage. Whereas before the appropriation, they had frontage to a depth of 165 feet and rearage varying between 370 and 387 feet in depth, they now have frontage to a depth of 165 feet and rearage varying between 271 and 305 feet in depth. (See *Barmann* v. *State of New York*, 28 A D 2d 938; *Matter of City of New York* [*Fourth Ave.*], 255 N. Y. 25, mot. for rearg. den. 255 N. Y. 602, cert. den. *sub nom. Parlex Holding Corp.* v. *New York City*, 283 U. S. 860.) Based on comparable sales, the State's appraiser assigned different values to the frontage (to a depth of 165 feet), and rearage. Since claimant's appraiser testified on cross-examination that the average depth of development of Business F property in the area was 165 feet more or less; that the property beyond 165 feet in depth could be considered as overage for evaluation purposes; that nothing in his appraisal report reflected any adjustment due to the greater depth of the property, the court could properly assign a different value to the first 165 feet of depth than to the remainder. Respondents contend that the appropriation resulted in a reduced parking area. This argument is not persuasive. On the testimony of the State's appraiser, the court could consider that parking areas do not bring the same price as areas developed with improvements. The award must be reduced by multiplying the rearage value of 75 cents per square foot by the square feet appropriated (15,758) for a total of $11,818.50, rounded off to $11,819. To this direct damage to the land must be added the court's award of $10,900 for buildings and $275 for the temporary easement, which items are not disputed, for a total award of $22,994. Judgment modified, on the law and the facts, by reducing the amount thereof to $22,994, as computed above, together with appropriate interest and, as so modified, affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.